# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-1979V
### Filed: October 4, 2018
UNPUBLISHED

JACKIE DUTY,

                    Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                    Respondent.

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Tetanus Diphtheria acellular
Pertussis (Tdap) Vaccine; Shoulder
Injury Related to Vaccine
Administration (SIRVA)

*John Robert Howie, Howie Law, PC, Dallas, TX, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On December 19, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that she suffered a Table Injury, shoulder injury related to vaccine administration ("SIRVA"), after receiving a tetanus, diphtheria, and acellular pertussis vaccination on December 31, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 21, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for SIRVA. On October 4, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $115,963.87, representing $115,000.00 for past and future pain and suffering and $963.87 for past unreimbursed expenses. Proffer at 2. In the Proffer, respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner agrees with the proffered award. *Id.* Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $115,963.87, representing $115,000.00 for actual and projected pain and suffering and $963.87 for actual unreimbursable expenses in the form of a check payable to petitioner, Jackie Duty.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

_____

)
JACKIE DUTY,                                      )
                                                  )
        Petitioner,                   )       No. 17-1979V   ECF
                                                  )
        v.                            )       Chief Special Master Dorsey
                                                  )
SECRETARY OF HEALTH                               )
AND HUMAN SERVICES,                               )
                                                  )
        Respondent.                   )
_____ )

## PROFFER ON AWARD OF COMPENSATION[1]

### I.    Procedural History

On December 19, 2017, Jackie Duty ("petitioner") filed a petition for compensation

("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -

34, *as amended*.  She alleges that, as a result of receiving the tetanus-diphtheria-acellular

pertussis ("Tdap") vaccine on December 31, 2015, she suffered from a left shoulder injury

related to vaccine administration ("SIRVA"), which is an injury listed on the Vaccine Injury

Table ("Table") for the Tdap vaccine.[2]  Petition at 1.  On September 19, 2018, respondent filed

his Vaccine Rule 4(c) report, conceding entitlement to compensation for a left SIRVA.  On

September 21, 2018, the Chief Special Master issued a ruling on entitlement, finding that

petitioner was entitled to compensation for a Table injury of SIRVA.

---

[1]  This Proffer does not include attorneys' fees and costs, which the parties intend to
address after the Damages Decision is issued.

[2] The Table is located at 42 C.F.R. § 100.3.

**II.      Items of Compensation**

Petitioner has alleged entitlement to the following elements of compensation:  past and future pain/suffering and past unreimbursed expenses.  Based upon the evidence of record, respondent proffers that petitioner should be awarded $115,000.00 for past and future pain/suffering, and $963.87 for past unreimbursed expenses, for a total of **$115,963.87**.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**III.      Form of the Award**

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$115,963.87**, in the form of a check payable to petitioner.[3]  Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[3]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

/s/Darryl R. Wishard
DARRYL R. WISHARD
Senior Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Fax: (202) 616-4310

Dated:  October 4, 2018